IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SANTANA QUINTERO; and
GORILLA COATING LLC,

    Plaintiffs,

v.                                          No. 2:25-cv-682 GBW-KRS

OSMAN RENE MATA-CHAVEZ; NOELIA
AYLEEN PANDO LEYVA; ONAX LLC;
JOHN DOES I-X; JANE DOES I-X; BLACK
Corporations I-X; WHITE limited liability
companies I-X; and GREY partnerships I-X;

    Defendants.

## JURISDICTIONAL ORDER TO SHOW CAUSE

THIS MATTER is before the undersigned *sua sponte* following the Court's review of the record and the Civil Complaint ("Complaint") filed by Plaintiffs Santana Quintero and Gorilla Coating LLC against Defendants Osman Rene Mata-Chavez, Noelia Ayleen Pando Leyva, Onax LLC, and various unnamed Doe individuals and unidentified business entities. *See* (Doc. 1). The Complaint alleges the Court has subject matter jurisdiction based on diversity of citizenship, 28 U.S.C. § 1332(a). Having considered the jurisdictional allegations in the Complaint, the applicable law, and being otherwise fully advised in the premises, the Court concludes that the Complaint fails to allege sufficient facts for the Court to plausibly infer that it has diversity jurisdiction over the matter. Accordingly, Plaintiffs must show cause why the undersigned should not recommend that the case be dismissed without prejudice for lack of subject matter jurisdiction.

### Discussion

"Federal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua*

*sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" *Image Software, Inc. v. Reynolds & Reynolds Co.,* 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514 (2006)). To determine whether a party has adequately presented facts sufficient to establish federal diversity jurisdiction, the Court looks to the face of the complaint, ignoring mere conclusory allegations of jurisdiction. *Penteco Corp. P'ship--1985A v. Union Gas Sys., Inc.,* 929 F.2d 1519, 1521 (10th Cir. 1991) (internal citations omitted); *see Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 89 (2014) (the allegations supporting federal jurisdiction must satisfy the plausibility standard of pleading). "The party seeking the exercise of jurisdiction in his favor 'must allege in his pleading the facts essential to show jurisdiction.'" *Penteco Corp. P'ship--1985A,* 929 F.2d at 1521 (quoting *McNutt v. Gen. Motors Acceptance Corp.,* 298 U.S. 178, 189 (1936)). "Where the pleadings are found wanting, [the] court may also review the record for evidence that diversity does exist." *Id.* (citing *Sun Printing & Publishing Ass'n v. Edwards,* 194 U.S. 377, 382 (1904)).

To invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000." *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013). Complete diversity means that no plaintiff may be a citizen of the same state as any defendant. *Id.* "[F]or purposes of determining the existence of diversity jurisdiction, the citizenship of the parties is to be determined with reference to the facts as they existed at the time of filing." *Grynberg v. Kinder Morgan Energy Ptns., L.P.*, 805 F.3d 901, 905 (10th Cir. 2015) (internal quotation marks and citations omitted). Corporations are considered citizens of both the state where they are incorporated and the state where their principal place of business is located. *See* 28 U.S.C. § 1332(c)(1). But under long established precedent, diversity jurisdiction in a suit by or against an association or entity other than a corporation depends

on the citizenship of all the members of the entity. For instance, "[l]imited partnerships … are citizens of each and every state in which any partner is a citizen." *Suttman-Villars v. Argon Med. Devices, Inc.*, Civ. No. 20-0778 KG/JFR, 2021 WL 4086126, at *2 (D.N.M. Sept. 8, 2021), including both the general and limited partners. *Carden v. Arkoma Assocs.,* 494 U.S. 185, 192 (1990). Moreover, "[w]hen an entity is composed of multiple layers of constituent entities, the citizenship determination requires an exploration of the citizenship of the constituent entities as far down as necessary to unravel fully the citizenship of the entity before the court." *Woodward, Inc. v. Zhro Sols., LLC,* No. 18-CV-01468-PAB, 2018 WL 11455060, at *2 (D. Colo. June 13, 2018) (citing, *inter alia, Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347-48 (7th Cir. 2006) ("The citizenship of a limited liability company is that of its members, and its members may include partnerships, corporations, and other entities that have multiple citizenships. A federal court thus needs to know each member's citizenship, and if necessary each member's members' citizenships." (internal citations omitted))).

The Complaint in this case adequately alleges facts plausibly showing that the amount in controversy requirement is satisfied. *See* (Doc. 1 ¶¶ 94). It does not, however, allege sufficient facts for the Court to conclude that there is diversity of citizenship, and indeed the alleged facts affirmatively indicate otherwise. The jurisdictional allegations in the Complaint appear in Paragraph 10, which alleges that "complete diversity of citizenship exists between Plaintiffs and Defendants" (*Id.* ¶ 10). But this allegation is conclusory. The Court turns to the non-conclusory facts alleged in the Complaint to determine whether the Complaint plausibly alleges diversity jurisdiction. And the non-conclusory facts included in the same Paragraph show that complete diversity is lacking. That is, Paragraph 10 alleges that Plaintiff Quintero is a citizen of New Mexico. It alleges that Plaintiff Gorilla Coating LLC has members who are citizens of both New

3

Mexico and Texas. A limited liability company "takes the citizenship of all its members." *Siloam Springs Hotel, L.L.C.,* 781 F.3d at 1238. Accordingly, Gorilla Coating is a citizen of both New Mexico and Texas. Paragraph 10 then goes on to allege that "all members of Defendant Onax LLC are citizens of Texas, and Defendants Mata-Chavez and Leyva are citizens of Texas."[1] If Plaintiff Gorilla Coating is a citizen of Texas (in addition to being a citizen of New Mexico), then complete diversity is lacking because Defendants Mata-Chavez, Lyeva, and Onax LLC are all citizens of Texas also.

The non-conclusory facts alleged in paragraphs of the Complaint other than Paragraph 10 confirm that complete diversity is lacking. Paragraph 1 alleges that Plaintiff Santana Quintero is a citizen of New Mexico, domiciled in Lea County, New Mexico. (Doc. 1, ¶ 1). Paragraph 2 alleges that Plaintiff Gorilla Coating, LLC "is New Mexico Limited Liability Company whose members consist of: (a) Santana Quintero, a citizen of New Mexico; and (b) Osman Rene Mata-Chavez, a citizen of Texas." (*Id.* ¶ 2). The fact that Gorilla Coating, LLC is New Mexico limited liability company is irrelevant for jurisdictional purposes. As noted, a limited liability company "takes the citizenship of all its members." *Siloam Springs Hotel, L.L.C.,* 781 F.3d at 1238. Accordingly, Gorilla Coating, LLC is a citizen of both New Mexico (through its member Santana Quintero) and

---

[1] The "general rule" is that "the diverse citizenship of [ ] fictitious defendants must be established by the plaintiff in order to continue a federal court action." *United Fin. Cas. Co. v. Lapp*, No. 12–CV–00432–MSK–MEH, 2013 WL 1191392, at *2 (D. Colo. Mar. 21, 2013) (internal quotation marks omitted) (citing Wright, Miller *et al.*, FEDERAL PRACTICE & PROCEDURE, § 3642 (2009)). But "[i]f named John Doe defendants are nominal parties, a district court may disregard them for purposes of federal diversity jurisdiction." *Hartford Cas. Ins. Co. v. Trinity Universal Ins. Co. of Kan.,* 158 F. Supp. 3d 1183, 1194 (D.N.M. 2015) (citing cases). "Generally speaking, John Doe defendants are considered nominal when they are included in the complaint "in the event that during discovery [a plaintiff] identifie[s] any additional defendants he wishe[s] to add to the suit." *Id.* (internal quotation marks and citation omitted). Here the Complaint alleges that, "[a]t the present time, John Does I-X, Jane Does I-X, Black Corporations I-X, White limited liability companies, and Grey Partnerships I-X are unknown Defendants and are intended to be fictitious names of additional parties or entities participating and otherwise responsible for events and allegations outlined in this complaint and whose identity cannot be reasonably determined at this time. Once their identities are known, a leave to amend will be sought to have their true names added." (Doc. 1 ¶ 8). Based on these allegations, the Court determines that the unidentified defendants are nominal parties and the Court may disregard them for purposes of assessing whether there is diversity jurisdiction.

4

Texas (through its member Mata-Chavez).[2] Plaintiff Gorilla Coating, LLC's Corporate Disclosure Statement confirms that it is a citizen of both Texas and New Mexico. It states that "Gorilla Coating LLC is a New Mexico limited liability company whose only members are Santana Quintero, a citizen of New Mexico, domiciled in Lea County, New Mexico; and Osman Rene Mata-Chavez, a citizen of Texas, domiciled in Gaines County, Texas." (Doc. 5).

Turning to the defendants, Paragraphs 3 and 4 allege that Mata-Chavez and Leyva are both citizens of Texas, domiciled in Gaines County, Texas (Doc. 1, ¶¶ 3-4), while Paragraph 8 alleges that Defendant Onax LLC is a New Mexico Limited Liability Company whose members include Defendants Mata-Chavez and Leyva (*id.* ¶ 7). Since Onax LLC is a limited liability company, it takes on the citizenship of its members. Accordingly, Onax LLC, through both Mata-Chavez and Leyva, is a citizen of Texas, which means all defendants are citizens of Texas. And because Gorilla Coating, LLC is also a citizen of Texas, completed diversity is lacking.

If Mata-Chavez were not a member of Gorilla Coating, LLC, then there would be complete diversity. The Court notes that the Complaint alleges that, "[o]n April 4, 2024, Defendant Mata-Chavez, through legal counsel, sent a letter stating he would be removing himself from Gorilla Coating LLC after set terms were determined." (*Id*. ¶ 36); *see also* (*id.* ¶¶ 78, 89). Other allegations include "Defendant Mata-Chavez proposed the dissolution of Gorilla Coating, indicating a refusal to perform the obligations under the Operating Agreement (*id.* ¶ 91), and "Mata-Chavez ceased

---

[2] Other allegations in the Complaint allege that Plaintiff Quintero and Defendant Mata-Chavez were not always the only members of Gorilla Coating, LLC. For instance, Paragraph 14 alleges that the 2019 Articles of Organization list three members of Gorilla Coating, LLC: Osman Rene Mata-Chavez, Juan Manuel Quintero, Jr., and Diana Leyva Escandon. (Doc. 1, ¶ 14). Paragraph 15 alleges that, on July 7, 2023, "Plaintiff Quintero and Defendant Mata-Chavez executed a written Operating Agreement for Gorilla Coating listing them as the only members of the LLC." (*Id.* ¶ 15). The Court has reviewed the business entities website maintained by the New Mexico Secretary of State, which indicates that the "Organizers and Incorporators" of Gorilla Coating LLC include Diana Leyva Escandon. Juan Manuel Quintero, Jr., Osman Rene Mata-Chavez, and Santana Quintero, while the "Members and Managers" include only Santana Quintero and Osman Rene Mata-Chavez.

participation as a member of Gorilla Coating in 2024" (*id.* ¶ 77). None of these allegations, however, contradict the other allegations in the Complaint which state that Mata-Chavez is currently a member of Gorilla Coating.

In sum, Plaintiffs in this case include citizens of New Mexico *and* Texas, while Defendants are citizens of Texas. Because both plaintiffs' side and defendants' side include citizens of Texas, complete diversity of citizenship is lacking.

IT IS THEREFORE ORDERED that **no later than September 26, 2025,** Plaintiffs shall SHOW CAUSE why the undersigned should not recommend that the Complaint be dismissed without prejudice for lack of subject matter jurisdiction. Plaintiffs may do so by filing an amended complaint that adequately alleges facts showing the Court has diversity jurisdiction, including complete diversity of citizenship of plaintiffs and defendants, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").

**IT IS SO ORDERED** this 15th day of September, 2025.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE